VERNON A. NELSON, JR., ESQ.
Nevada Bar No.: 6434
THE LAW OFFICE OF VERNON NELSON
9480 S. Eastern Ave., Ste. 244
Las Vegas, NV  89123
Tel.:  702-476-2500
Fax. :  702-476-2788
E-mail : vnelson@nelsonlawfirmlv.com
*Attorney for Plaintiff Mataese Pili*

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

MATAESE PILI,

        Plaintiff,

v.

AARGON AGENCY, INC. aka AARGON
COLLECTION AGENCY and ATTORNEY
ARMAND FRIED,

        Defendant.

Case No.: 2:17-cv-00576-APG-CWH

**OPPOSITION TO MOTION TO DISMISS**

## I.    INTRODUCTION

Defendants' motion to dismiss the statute of limitation must fail. Also, Defendants' motion to dismiss based on the *Rooker-Feldman* doctrine and principles Claim preclusion is without merit and must be denied as Plaintiff's complaint is not "de facto appeal of a state court judgment. Defendants motion to dismiss Plaintiff's Abuse of Process, NRS Chapter 598, and Civil Conspiracy claims must be denied because Plaintiff has sufficiently alleged causes of action to support these claims. Thus, Plaintiff submit that Defendants Motion to Dismiss must be denied.

## II.    STATEMENT OF FACTS

### A. Background

Plaintiff sued Defendants on February 22, 2017. Plaintiff alleges Defendants violated the FDCPA by obtaining a "Confession of Judgment" against her in the Justice Court for Las Vegas Township, Case No. 16C0011261; regarding an alleged debt owed to NV Energy and Summerlin Hospital (the "Alleged Debt'). Plaintiff claims the Confessions of Judgment accrue interest at 9.25%;

THE LAW OFFICE OF VERNON NELSON
ATTORNEY AT LAW

in violation of NRS 17.030 **(the "Interest Rate Violations").** Plaintiff claims Defendants violated the FDCPA by adding unauthorized fees **(the "Unauthorized Fees Violations").** The Confessions of Judgment wrongfully add court costs of $74.00 and a "document fee" of $75.00. in violation of NRS 449.757. Based on the Interest Rate Violations and the Unauthorized Fees Violations, Defendants violated the FDCPA by collecting via "unfair or unconscionable means.

Plaintiff claims Defendants' violations caused her to suffer substantial damages. Plaintiff has suffered: (1) substantial economic damages; (2) severe emotional damages, and (3) damages to their credit history and reputation. Plaintiff has also incurred attorney's fees.

Plaintiff also claims an Abuse of Process. Plaintiff claims Defendants prosecuted legal proceedings for the ulterior purpose of collecting unlawful rates of interest and unlawful fees.  allege that by attempting to collect the unlawful rates of interest, and unlawful fees, Defendants: (1) conducted a willful act in the use of the legal process that was not proper in the regular conduct of the proceeding; and (2) she has suffered damages as a result.

Plaintiff claims violations of NRS Chapter 598 relating to Deceptive Trade Practices. Plaintiff alleges she is a consumer with standing under Chapter 598 and that Defendants engaged in unfair or deceptive acts or practices in the conduct of their commerce or trade through its unfair and deceptive debt collection activities. Plaintiff has suffered damages due to these acts.

Plaintiff claims Defendants conspired to commit the acts stated in the Complaint and they acted in concert with the intent to commit such acts. Plaintiff claims the conspiracy was intended to damage her and she suffered damages as a result of the conspiracy.

Plaintiff's claims are evidenced by Defendants' filings in Justice Court; and Defendants' legal arguments fail. Accordingly, Defendants' Motion to Dismiss must be denied.

### III.     STANDARD OF REVIEW

#### A. Motion to Dismiss for Lack of Subject Matter Jurisdiction per FRCP 12(b)(1)

Per Rule 12(b)(1), a party may seek to dismiss an action for lack of subject matter jurisdiction. In reviewing a motion, "the court is not restricted to the face of the pleadings and may review any evidence, such as declarations and testimony, to resolve factual disputes concerning the existence of jurisdiction". *Edward & Marjorie Austin Unitrust v. U.S. Mortg. Corp.*, 2007 U.S. Dist. LEXIS 72921

1   (D. Nev. 2007) The Court must dismiss a case if it lacks subject-matter jurisdiction. *Roberts v.*
2   *Corrothers*, 812 F.2d 1173, 1177 (9th Cir. 1987).

3       **B.    Motion to Dismiss for Failure to State a Claim per FRCP 12(b)(6)**

4       In reviewing a Rule 12(b)(6) motion, the Court must consider all allegations of material fact
5   stated in the complaint as true. *Perfect 10, Inc. v. Visa Int'l Serv. Ass'n*, 494 F.3d 788 (9th Cir. Cal.
6   2007). The Court must construe the facts in the light most favorable to the nonmoving party. *Id.* The
7   Court should not dismiss a complaint "unless it appears beyond doubt that plaintiff can prove no set of
8   facts in support of his claim which would entitle him to relief." *Rodriguez v. Panayiotou*, 314 F.3d
9   979, 983 (9th Cir. 2002). The Court's review is generally limited to a review of the Complaint; but it
10  may consider and take judicial notice of facts that are not subject to a reasonable dispute. *Daniels-Hall*
11  *v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998-99 (9th Cir. Wash. 2010).

12  **IV.    LEGAL ARGUMENT**

13      **A. PLAINTIFF'S FDCPA CLAIM ARE INDISPUTABLE AND DEFENDANTS'
    LEGAL ARE WITHOUT MERIT.**

14

15      ***1. Nass v. Stolman Is Not Controlling Because: (a) Nass Did Not Consider the Discovery
    Rule and Defendants Have Failed to Allege that Plaintiffs Knew that the Confessions of
    Judgment Had Been Filed; (b) a Confession of Judgment Is Not a Pleading and Nass
    Specifically Applies to the Filing of a Complaint; and (c) Defendants Violations are
    Continuing Violations***
16

17          **a. Application of Discovery Rule/ Defendants Failure to Claim that Defendants
        Were Served.**
18

19      15 U.S.C. § 1692k(d) states that an action brought to enforce liability based on the FDCPA
20  must be brought within one year from the date of violation. In *Naas v. Stolman*, 130 F .3d 892, 893
21  (9th Cir. 1997) held that the statute of limitations begins to run when a complaint is filed. Plaintiff
22  disputes that *Naas* is applicable and their claims are barred by the statute of limitations.

23      The Court's holding in *Mangum v. Action Collection Serv., Inc.*, 575 F.3d 935 (9th Cir. 2009)
24  limited the applicability of *Nass*. In *Magnum*, the 9th Circuit held that the FDCPA's one-year statute of
25  limitations commences upon Plaintiff's discovery of their FDCPA claims. *Id.* at 941. The Court
26  addressed the apparent conflict between *Mangum* and *Nash* in *Lyons v. Michael & Assocs.*, 824 F.3d
27  1169 (9th Cir. Cal. 2016). In *Lyons*, Plaintiff alleged that defendant violated the FDCPA when they
28

1  sued her in the wrong judicial district to collect a debt. *Id.* at pp. 1171-1172. The Court applied the

2  discovery rule and Court held the one-year statute of limitations began when plaintiff was served with

3  the Complaint (thereby discovering defendants had filed suit against her); and not on the date the debt

4  collection action was filed. *Id.* at 1172. The 9th Circuit rejected Debt Collector's argument that the

5  discovery rule should be applied narrowly. *Id.* at 1172 The Court opined that "[a]pplying the

6  discovery rule to some FDCPA claims but not others would be out of step with our general approach

7  to the discovery rule, and would threaten to capriciously limit the broad, remedial scope of the

8  FDCPA." *Id.* The Court stated that the "discovery rule" should apply when …the filing date would

9  not be "easily ascertainable" to the debtor absent some other form of notice, such as service of

10  process." *Id.* at 1173.

11       The facts of this case are like the facts in *Lyons*; therefore, *Naas* is not controlling and the

12  Court should apply the discovery rule as the 9th Circuit did in *Lyons.* It is important to note that, unlike

13  Defendant in *Nass*, Defendants in this case never filed a Complaint. They entered an *Installment*

14  *Payment Agreement* with Defendant on August 22, 2014; and the agreement is secured by a

15  *Confession of Judgment.* (*See Pili's COJ* attached as Exhibit "1" to Defendants' Motion to Dismiss.

16  Yet, the Confession of Judgment indicates it was not filed until more than a year later on January 26,

17  2016.  Also, Defendants' Motion does not state that Plaintiff was ever served with the Confessions of

18  Judgment as is required by *Lyons; supra.*

19              **b.** ***Nass* is not Applicable Because a Confession of Judgment Is Not an**
                   **Action/Pleading.**
20

21       Per NRS 17.090 "a judgment by confession may be entered without action,…for money due or

22  to become due…. In *Coast to Coast Demolition & Crushing, Inc. v. Real Equity Pursuit, LLC*, 126

23  Nev. 97 (Nev. 2010) the Court stated a Confession of Judgment is not a pleading, "which are the civil

24  filings--complaint, answer, counterclaim--by which an "action" is commenced…." The Court noted

25  "[a] judgment by confession may be entered *without action*," and [that is the point] of a confession of

26  judgment: that judgment is obtained without action."  Thus, a Confession of Judgment is not a

27  Complaint. A *Nass* held that the statute of limitations began to run on the filing of the complaint…," it

28  does not control as Defendants never filed a complaint.

*c. Defendants Violations are Continuing. Therefore, the Statute of Limitations Has Not Expired.*

In her Complaint, Plaintiff claims Defendants' conduct has caused them to suffer economic and emotional distress damages." Plaintiff also alleges she Plaintiff has suffered ***and continues to suffer damages*** due to Defendants' conduct. Plaintiff alleges she "has suffered" because her allegations are in the "Present Perfect Tense." The site http://www.ef.edu.com defines Present Perfect Tense as follows:

> The present perfect is used to indicate a link between the present and the past. The time of the action is **before now but not specified**, and we are often more interested in the **result** than in the action itself.

The site also states that the Present Perfect is used to describe: 1. actions or situations that started in the past and continues in the present (*I have lived in Bristol since 1984* (= and I still do)); (2) an action performed during a period that has not yet finished.  (*She **has been** to the cinema twice this week* (= and the week isn't over yet)). 3. A repeated action in an unspecified period between the past and now (*We **have visited** Portugal several times).* Thus, Plaintiff contends she has alleged a continuing violation of the FDCPA and her other causes of action.

In *Joseph v. J.J. Mac Intyre Cos., L.L.C.*, 281 F. Supp. 2d 1156, 1160 (N.D. Cal. 2003) the Court held that the "continuing violation doctrine" applies to the FDCPA:

> *The key is whether the conduct complained of constitutes a continuing pattern and course of conduct as opposed to unrelated discrete acts. If there is a pattern, then the suit is timely if "the action is filed within one year of the most recent date on which Defendant is alleged to have violated the FDCPA", and the entire course of conduct is at issue.*

*Id.* at 1161 (internal citations omitted).  In *Louie v. Asset Capital Recovery Grp., LLC*, 2015 U.S. Dist. LEXIS 97750 (N.D. Cal. July 27, 2015), the Court found Plaintiff alleged "prior acts related to the litigation in which the opposition brief was filed." The Court added the application of the continuing violation doctrine was warranted because the Debt Collectors actions in judicial proceedings to collect a debt without service of process constitutes a continuing course of conduct because: (1) collection litigation requires multiple steps, including obtaining and collecting on a judgment; and (2) these steps take place over an extended period of time. *Id.*

In *Bourgeois v. Ocwen Loan Servicing, LLC*, 2016 U.S. Dist. LEXIS 7724 (S.D. Cal. Jan. 21, 2016) the Court applied continuing violation doctrine to a FDCPA claim. In *Bourgeois*, Plaintiff alleged they obtained a residential home loan; which was eventually serviced by Defendants. *Id.* at *2-*4. Plaintiffs further alleged that in April of 2012, they received a dunning letter from Ocwen which demanded payment for an alleged debt of $139,142.25. *Id.* at *4-*6. Plaintiff alleges they subsequently sent a dispute/debt validation letter to Ocwen *Id.* Plaintiff alleges that Ocwen and/or its agents continued to "communicate with the public without Plaintiff's permission, in connection with the collection of the alleged debt" for at least 12 months. *Id.* Defendants moved to dismiss based on the statute of limitations. *Id.* at *2. The Court denied Defendants motion based on the statute of limitations and opined that "[certain prohibited acts involve repeated conduct and if there is a pattern, then the case is timely if 'the action is filed within one year of the most recent date on which Defendant is alleged to have violated the FDCPA . . . and the entire course of conduct is at issue.'" *Id.* at *25-25 (citing *Joseph*, 281 F. Supp. 2d at 1161. Thus, the Court held that Plaintiff alleged repeated conduct under the FDCPA and that is "sufficiently alleged a violation within the statute of limitations." *Id.*

Plaintiff's complaint and the judicial record demonstrate: (1) a course of conduct that amounts to a continuing violation; (2) she has alleged violations within the statute of limitations. The *Register of Actions* for Case No. 16C001261, indicates the Pili COJ was filed on January 1, 2016. (See true copy of *Register of Actions* for Case No. 16C001261 attached to Declaration of Vernon Nelson at Exhibit "1"), Defendants continued collect unlawful interest and fees in violation of the FDCPA until they filed a Motion to Amend the Judgment and then filed a Satisfaction of Judgment on December 29, 2016. Plaintiff submits she has alleged a repeated conduct violating the FDCPA and the statute of limitations did not commence until December 29, 2016.

Plaintiff has demonstrated her FDCPA claims are not barred by the statute of limitations because Defendants have not: (1) alleged Plaintiff was served; (2) alleged when Plaintiff discovered the violations; and/or (3) that she should have discovered her case on January 26, 2016. Defendants may not rely on the "filing date of complaint" as the commencement date per *Nass, supra.* because

1   NRS 17.090 provides a Confession of Judgment is not "pleading" filed in an "action." Finally,

2   Defendants conduct evidences continuing violations of the FDCPA.

3      **B. PLAINTIFF'S FDCPA CLAIMS ARE NOT BARRED BY THE ROOKER-FELDMAN DOCTRINE AND PRINCIPALS OF CLAIM PRECLUSION OR _ISSUE_**

4      **_PRECLUSION_.**

5      *1. Rooker Feldman*

6      In *Garduno v. Autovest LLC*, 143 F. Supp. 3d 923 (D. Ariz. 2015), the Court provided a

7   persuasive explanation of the *Rooker Feldman* doctrine and its application to FDCPA claims. The

8   Court pointed out that, *"[t]he Rooker—Feldman doctrine forbids a losing party in state court from*

9   *filing suit in federal district court complaining of an injury caused by a state court judgment, and*

10  *seeking federal court review and rejection of that judgment." Id.* at 926 (citing *Bell v. City of Boise*,

11  709 F.3d 890, 897 (9th Cir. 2013)). The Court stated the application of this "general rule" requires

12  two-steps. *Id.* First, the court must decide if any of the claims in the federal case is "a forbidden de

13  facto appeal of a state court decision." *Id.* (citing *Bell, supra.*). If not, *Rooker-Feldman* does not apply.

14  *Id.* If the Court finds one of Plaintiff's claims is a "de facto appeal," the claim constituting that appeal

15  is barred as is any claim "'inextricably intertwined' with the state court action. *Id.*   In *Garduno,* the

16  Court held Plaintiff's FDCPA claim was not a "de facto appeal," as it was not "a direct attempt to

17  complain of an erroneous decision by the state court." *Id.* at 927. The Court noted "for purposes of

18  Plaintiff's FDCPA claim, the state court judgment is largely irrelevant." *Id.* Plaintiff claimed "the

19  FDCPA violation occurred when Defendants filed their state court lawsuit." *Id.* The Court stated, "the

20  fact that judgment was eventually entered in that case does not directly impact the FDCPA claim;"

21  and it Court added "Plaintiff's FDCPA claim is not complaining about the state court judgment." *Id.*

22  The FDCPA claim arose from Defendants' "an allegedly illegal act." *Id.* The Court ruled Plaintiffs

23  "were not seeking relief from the state court judgment." *Id.*  The Complaint admitted "that the state-

24  court judgment [is] valid" and Plaintiffs are not "attacking the [state court] judgment;" nor are they

25  "trying to set it aside." *Id.*  The Court held the fact Plaintiffs did not seek to undo the state court

26  judgment supports finding *Rooker-Feldman* is inapplicable *Id.* The Court held Plaintiffs did not seek

27  relief from the state court judgment and the FDCPA claim is not a de facto appeal. Thus, *Rooker-*

28  *Feldman* did not bar Plaintiff's claim. *Id.*

Other courts have followed the *Garduno* Court's reasoning.[1] In *Thorpe v. Ertz*, 2016 U.S. Dist. LEXIS 178322 *; 2016 WL 7411524 (D. Alaska December 22, 2016), the Court followed the two-step analysis required by *Bell v. City of Boise*, 709 F.3d 890 (9th Cir. 2013). The Court found Plaintiff alleged Defendant violated the FDCPA…by attempting to collect excessive attorney's fees. *Thorpe at pp. 7-8.* Plaintiff claimed Defendant alleged an illegal act was committed by Defendant; not the court; thus, *Rooker-Feldman* did not deprive the Court of jurisdiction. *Id.*

The facts in this case are essentially identical the facts in *Garduno* and *Ertz.* Plaintiff claims **DEFENDANTS** committed the "Interest Rate Violations" and the "Unauthorized Fees Violations." Plaintiff does not claim the Court committed any illegal act.  Plaintiff does not seek to undo a state court judgment and she does not seek relief from the state court judgment. Plaintiff's claim is not a de facto appeal and is not barred by *Rooker-Feldman.*

Defendants cite to *Bianchi v. Rylaarsdam,* 334 F.3d 895 (9th Cir. Cal. 2003)[2] where the Court held *Rooker-Feldman* barred Plaintiff's claims. *Id.* at 902. Yet, post-*Bianchi*, the 9th Circuit and Supreme Court clarified *Rooker-Feldman* and *Bianchi* is now easily distinguished. *Belinda K. v. County of Alameda,* 2011 U.S. Dist. LEXIS 73872 at pp. *72-*74 (N.D. Cal. July 8, 2011) (citing *Noel v. Hall*, 341 F.3d 1148, 1163 (9th Cir. 2003)). The *Noel* Court held "where the federal plaintiff does not complain of a legal injury, caused by a state court judgment; but rather of a legal injury caused by an adverse party, *Rooker-Feldman* does not bar jurisdiction." *Id.* at 1163.

In *McNair v. Maxwell & Morgan PC*, 2014 U.S. Dist. LEXIS 118870 (D. Ariz. Aug. 26, 2014) Plaintiff filed an FDCPA complaint when Defendants drafted and obtained a writ of special execution relating to the Stipulation to have the Property sold at a Sheriff's Sale. *Id.* However, the writ of special

---

[1] *See e.g. Black v. Autovest, LLC*, 2015 U.S. Dist. LEXIS 172141 (D. Ariz. 2015) (holding Plaintiff's FDCPA claims were not barred by *Rooker-Feldman. See also Naranjo v. Universal Sur. of Am.*, 679 F.Supp.2d 787, 794-796 (S.D. Tex. 2010) (citing cases holding that *Rooker Feldman* does not bar FDCPA claims based on wrongful conduct of Defendants in process of obtaining judgment); *Ness v. Gurstel Chargo, P.A.* 933 F.Supp. 2d 1156, 1162-63 (D. Minn. 2013) (citing cases holding *Rooker-Feldman* does not bar FDCPA claim).

[2] In *Bianchi*, Plaintiff sought an injunction vacating a decision by the California Court of Appeal which reassigned his case to a different division due to the bias of one of the justices. Id. at 896-897.

1  execution: (1) included amounts not owed under the Stipulation; and (2) it did not credit all previous

2  payments made by Plaintiff. *Id.*   The *McNair* Court distinguished *Bianchi* and followed *Noel* and

3  determined that Plaintiff's claims were not barred by *Rooker-Feldman.* The Court held that the

4  FDCPA claim was not a de facto appeal. *Id.*

5      Defendants also cite to *Grant v. Unifund CCR Partners*, 842 F. Supp. 2d 1234 (C.D. Cal.

6  2012) and other cases to argue that Plaintiff's claims are barred by *Rooker-Feldman.* However, all of

7  these cases are clearly distinguishable from the case at bar. *Grant* is distinguishable from the case at

8  bar because the *Grant* Court determined that Plaintiff clearly sought to challenge the state court

9  judgment. *Id.* at 1239. *Williams v. Cavalry Portfolios Servs.*, LLC, 2010 U.S. Dist. LEXIS 79935

10  (C.D. Cal. July 20, 2010) is distinguishable because the Court rejected Plaintiff's FDCPA claims

11  based on (1) whether Plaintiff is liable for the debt and (2) whether Plaintiff was properly served in

12  state court." The Court held *Rooker-Feldman* applied the state court had found that Plaintiff was

13  properly served and that he was liable for the debt." *Id.*   *Tait v. Asset Acceptance, LLC*, 2013 U.S.

14  Dist. LEXIS 105095 (C.D. Cal. 2013) is also distinguishable because Plaintiff's FDCPA claims were

15  based on his claim that defendants' allegedly failed to serve him properly; but the Court found the state

16  court found that he was served properly. *Fleming v. Gordon & Wong Law Group, P.C.*, 723 F. Supp.

17  2d 1219 (N.D. Cal. 2010) is distinguishable as the Court need to determine the validity of the debt

18  recognized by the state court.

19      On page 3 of the *Memorandum of Point and Authorities*, it appears Defendants initially started

20  to argue that the facts of *Grant, Williams, Tait,* and *Fleming* are similar to the case at bar; but then

21  they confusingly veer off into an argument about the sufficiency of Plaintiff's claims.[3] Eventually,

22  Defendants falsely state "[j]ust as in *Grant*, Plaintiffs assert that they do not owe the amounts claimed

23  in a judgment and that those false amounts asserted were in violation of the FDCPA. (Complaint, ¶ 8-

24  11, pg. 2, and ¶ 11, pg. 4). Defendants' claims in this regard are patently false. Plaintiffs do not assert t

25

26      [3] In the midst of their *Rooker-Feldman* argument, Defendants veer off and argue that
    Plaintiff's claims are

27      *insufficient to plead a plausible claim. Twombly, 550 U.S. at 555;*

28

9

that they do not owe the amounts claimed in a judgment and that those false amounts asserted were in violation of the FDCPA. At no point in ¶¶ 8-11 do Plaintiffs assert that they do not owe the amounts claimed in a judgment; and they state "those false amounts assert were in violation of the FDCPA." To the contrary, paragraphs 8, 9, and 11 all start with "***Aargon and/or Fried violated the FDCPA by….***"

In the case at bar, Plaintiff: (1) is not collaterally attacking the Confession of Judgment; (2) does not dispute the validity Confession of Judgment; and (3) is not seeking to set it aside. Plaintiff does not claim she was not properly served or she is not liable for the debt. Plaintiff's FDCPA claims are solely based on allegedly illegal acts of Defendants. Her claims are not a *de facto* appeal of a state court judgment and they are not barred by *Rooker-Feldman*.

### *2. Claim Preclusion AND ISSUE PRECLUSION*

Defendants argue Plaintiff's claims are precluded due to claim preclusion and they refer to *Weddell v. Sharp*, 350 P.3d 80 (Nev. 2015). Defendants argue that *Weddell* stands for the proposition that "[a] confession of judgment can form a basis for claim preclusion. *Id.* While *Weddell* did hold the Appellants claims were barred by a confession of judgment, it is important to note that *Weddell* is distinguishable from the case at bar because Weddell told the Court that he would enter a confession of judgment ***AFTER THE SECOND DAY OF A TRIAL.*** *Id.* at 82.

Defendants also cite to FN 1 of *Weddell*, where the Court noted that Appellant argued that his confession of judgment did not satisfy valid-final-judgment requirement of *Five Star Capital Corp. v. Ruby*, 124 Nev. 1048, 194 P.3d 709 (2008) "because the enforceability of the dispute-resolution decision was not actually litigated." *Id.* The Court held this argument, had "no bearing on the applicability of claim preclusion." In *Five Star* the Court recognized "that the valid-final-judgment requirement for claim preclusion does not necessarily require" a decision on the merits. The Court noted that it had "recognized that a consent judgment can form a basis for claim preclusion, *See Willerton v. Bassham*, 111 Nev. 10, 16-17, (1995),* and it saw no reason to differentiate between consent judgments and the judgment by confession at issue in this case. Plaintiff contends that the facts of *Weddel,* are distinguishable from this case and the Confessions of Judgment in this case should not serve as a basis for Claim Preclusion.

If the Court finds that Claim Preclusion could apply to the Confessions of Judgment in this case, it should be noted that Judge Jones decided in *Means v. Intelligent Bus. Solutions, Ltd.*, 2015 U.S. Dist. LEXIS 41932 (D. Nev. Mar. 31, 2015) that "the doctrine of claim preclusion" does not require the dismissal of an FDCPA claim. *Id.* at \*4-\*5. The Court noted that "Plaintiff has not sought any declaration from this Court that would countermand or undermine the judgment of the state court as to the sole claim brought in that court for breach of contract." *Id.* The Court noted Plaintiff did not ask the Court "to review the state court ruling…" *Id.* The Court added Plaintiff did not seek any form of relief that "would conflict in any way with the state court judgment entered against him for breach of contract." *Id.* The Court found that the FDCPA action was based on a federal statute "prohibiting certain collection practices." *Id.* The Court concluded that "nothing about the state court judgment precludes Plaintiff from asserting a FDCPA claim…." *Id.*   The facts in this case are indistinguishable from the facts in *Means*. Plaintiff's complaint alleges that DEFENDANTS violated the FDCPA by committing the "Interest Rate Violations" and the "Unauthorized Fees Violations". Plaintiff seeks the remedies under the FDCPA and she does not seek to set aside the judgment of the state court. Plaintiff's claims are based on a federal statute prohibiting certain collection practices.  Plaintiffs' claims are not logically related to the state court judgment. Plaintiff's claims relate to how Defendants attempted to collect the Debt. Plaintiff's claims do not concern whether a valid debt existed between the parties. Thus, nothing about the state court judgment precludes Plaintiff from asserting her FDCPA claims.

***DEFENDANTS HAVE ALSO SLYLY SLIPPED AN ARGUMENT RELATING TO ISSUE PRECLUSION INTO THEIR BRIEF.*** Defendants claim the fees asserted in the COJs are a claim that has already been established in Nevada state court. Therefore, Plaintiff's FDCPA claims based on the fees and charges asserted in the COJ are barred by either claim or issue preclusion. *See Collins v. Wells Fargo Bank*, No. CV-12-2284-PHX-LOA, 2013 WL 3808097, at \*11 (D. Ariz. 2013) (holding the state court judgment was "dispositive of plaintiff's FDCPA claims against defendants in this federal action" pursuant to issue preclusion).

1    Defendants arguments related to issue preclusion should be summarily rejected because they

2    fail to give notice of the argument; and they have failed: (1) to identify the factors applicable to issue

3    preclusion; and (2) to identify how issue preclusion applies to this case.

4    Yet, Plaintiffs note that in *Howard v. Sandoval*, 126 Nev. 136 (2010), the Nevada Supreme

5    Court stated ***"issue preclusion prevents relitigation of an issue decided in an earlier action"*** even if

6    the second action is based on different causes of action and circumstances." *Id.* The Court stated that

7    four factors must be met for issue preclusion to apply: (1) the issue decided in the prior litigation must

8    be identical to the issue presented in the current action; (2) the initial ruling must have been on the

9    merits and have become final;(3) the party against whom the judgment is asserted must have been a

10   party or in privity with a party to the prior litigation; and

11   (4) the issue was actually and necessarily litigated. *Id.* The Court added that a default judgment does

12   not have a preclusive effect for purposes of issue preclusion. *Id.*

13   Based the holding in *Howard, supra.* Plaintiffs' claims are not barred by issue preclusion.

14   First, Confessions of Judgment do not amount to an issue decided in "the prior litigation" or an initial

15   ruling on the merits. NRS 17.090 provides "a judgment by confession may be entered ***without***

16   ***action…;"*** and in *Coast, supra,* the Court stated that ***a Confession of Judgment is not a pleading and***

17   ***"[a] judgment by confession may be entered without action…."*** Similarly, with respect to the second

18   and fourth factors, the Confessions of Judgment cannot be a "ruling" because they are not part of an

19   "action" per NRS 17.090. Also, Confessions of Judgment are not actually and necessarily litigated.

20   **C.  PLAINTIFFS ABUSE OF PROCESS CLAIM SHOULD NOT BE DISMISSED.**

21   ***1. Plaintiffs Abuse of Process Claim is Not Barred by Rooker-Feldman***

22   In *Kougasian v. TMSL, Inc.*, 359 F.3d 1136 (9th Cir. 2004), the 9th Circuit held that *Rooker-*

23   *Feldman* did not bar Plaintiff's claim for abuse of process. The Court followed *Noel v. Hall*, 341 F.3d

24   1148, 1163 (9th Cir. 2003). In *Noel,* the Court held "where the federal plaintiff does not complain of a

25   legal injury caused by a state court judgment, but rather of a legal injury caused by an adverse party,

26   *Rooker-Feldman* does not bar jurisdiction." *Id.* In *Kougasian*, three of Plaintiff's claims arose from

27

28

her claim of extrinsic fraud on the state court. *Id.* at 1140.[4] The Court held *Rooker-Feldman* did not bar these claims. With respect to her remaining claims, for fraud and abuse of process the Court held these claims were not barred because Plaintiff was attempting to have "the judgments of these two courts set aside based on the alleged extrinsic fraud by defendants." *Id.* at 1142. The Court also noted, however, that absent the extrinsic fraud claims, the abuse of process claim was not barred by *Rooker-Feldman* because the abuse of process claim did not allege legal errors by the state courts. *Id.* Instead, she alleged wrongful acts by Defendants and her abuse of process claim was not a forbidden defacto appeal. *Id.* at 1143.

Defendants' citation to *LeCates v. Barker*, 242 F.3d 389 (10th Cir. 2000) is unavailing. *LeCates* involved an abuse of process claim "that targeted the fraudulent means used to obtain the default." Plaintiff has not made such clams, so *LeCates* is irrelevant to this case.

Plaintiff does not collaterally attack the Confessions of Judgment. Plaintiff does not dispute the Confession of Judgment is valid, and she is not seeking to set it aside. Plaintiff is not claiming that she was not properly served or that she is not liable for the debt. Plaintiff's Abuse of Process claim is based on allegedly illegal acts of Defendants. Plaintiff's claims are not a *de facto* appeal of a state court judgment and they are not barred by *Rooker-Feldman*.

### 2. Plaintiff has Alleged An Ulterior Purpose

Defendants claim that Plaintiff's second claim for relief for abuse of process fails to allege an ulterior purpose. This claim is clearly erroneous.  In her claim for Abuse of Process, Plaintiff incorporates by reference each and every allegation previously made in her Complaint into the Abuse of Process Claim. Plaintiff specifically alleges that *Defendants commenced and/or prosecuted legal proceedings against Plaintiff for the ulterior purpose of collecting unlawful rates of interest and*

---

[4] With respect to these claims the Court stated:

Extrinsic fraud on a court is, by definition, not an error by that court. It is, rather, a wrongful act committed by the party or parties who engaged in the fraud. Rooker-Feldman therefore does not bar subject matter jurisdiction when a federal plaintiff alleges a cause of action for extrinsic fraud on a state court and seeks to set aside a state court judgment obtained by that fraud. Id.

1  *unlawful fees in violation of the FDCPA*. [5] Plaintiff's claims are akin to those set forth in *McCollough*

2  *v. Johnson, Rodenburg & Lauinger, LLC*, 637 F.3d 939 (9th Cir. 2011) where the 9th Circuit upheld a

3  jury award in favor of Plaintiff for the $1,000 statutory maximum for violations of the FDCPA;

4  $250,000 for emotional distress; and $60,000 in punitive damages. Plaintiff asserted claims for

5  violations of the FDCPA, unfair trade practices, and state law claims for malicious prosecution and

6  abuse of process. *Id.* On the abuse of process claim, the Court applied Montana law which provides

7  that a claim for abuse of process consists of two elements: "(1) an ulterior purpose; and (2) a willful

8  act in the use of the process not proper in the regular conduct of the proceeding." *Id.* at 956-57.

9        On cross-motions for summary judgment, the Court ruled certain facts had been established

10  (the "Established Facts).[6] The Court found that Plaintiff had produced sufficient evidence to sustain

11  his abuse of process claim. *Id.* The Court found that the Established Facts demonstrated Defendant

12  "willfully filed a lawsuit 'with an ulterior purpose of extracting money from the [Plaintiff]…,' and

13  Defendant 'had no valid legal claim against Plaintiff and knew it, but filed an action . . . nonetheless.'"

14  *Id.* The Court further found that "substantial evidence supported the jury's finding of liability on [the

15  abuse of process] claim." *Id.* at 956-57.[7] The Court held that based on the evidence the jury could infer

16  Defendants purpose in filing the lawsuit was to coerce [Plaintiff] to pay awards and fees to which it

17  and the creditor were not entitled. *Id.*   The Court held that the "jury's abuse of process verdict was

18

19  ───────────────

20     [5] Plaintiff's claim is distinguishable from the facts cited by Defendants in Lagos v. Monster Painting, Inc., No. 2:11-CV-00331-LRH, 2012 WL 2415417, at *3 (D. Nev. June 26, 2012) because Plaintiff's are alleging Defendants willfully conducted an unlawful act not proper in the regular conduct of civil proceedings. The unlawfulness of Defendants acts demonstrate that they had an ulterior motive. Defendants unlawful act is what distinguishes this case from Lagos.

22     [6] The facts included: (1) On April 17, 2007, Defendant filed a time-barred lawsuit against Plaintiff; (2) Defendant knew that the lawsuit was time-barred. (3) Defendant prosecuted the time-barred lawsuit through December 2007.Id.

25     [7] Plaintiff presented evidence that:(1) Defendant f filed a baseless action with knowledge that it had no legal claim;" (2) Defendant "filed and pursued a time-barred lawsuit against him, even though Defendant's own electronic file indicated the suit was time-barred;" (3) "Defendant continued to prosecute the collection case for four months after having been explicitly told" by the creditor there were no was not grounds for extending the statute of limitations; (4) Defendant "sought attorney's fees without confirming that [Plaintiff] had a contractual fee obligation. Id.

28

1  supported by substantial evidence, and the district court properly denied Defendants' motion for

2  judgment as a matter of law."

3         Considering the facts and allegations in the light most favorable Plaintiff, Plaintiff has

4  sufficiently alleged an ulterior purpose. Plaintiff has plainly set forth factual allegations that support

5  their allegations regarding the "Interest Rate Violations" and the "Unauthorized Fees Violations." Like

6  the *McCullough* case Plaintiff claims state/infer that Defendants filed suit to extract money from

7  Plaintiff that they could not legally obtain in a collection action and that they filed a baseless action

8  with knowledge that the Interest rates and Unauthorized fees were illegal. Thus, one can easily infer

9  that Defendants purpose in filing Confessions of Judgment was to coerce Plaintiff to pay amounts and

10  fees to which Defendants are not entitled. Based on the foregoing, Plaintiffs submit they have

11  sufficiently alleged that Defendants acted with an ulterior purpose.

12         *3. The Reference to Laxalt v. McClatchy Does Not Support Defendants Contentions*

13         Defendants improperly argue that Plaintiffs do not allege a sufficient "improper act." In

14   support of this argument Defendants improperly rely on *Laxalt v. McClatchy*, 622 F.Supp. 737, 752

15  (D. Nev. 1985) for the proposition that "[a] party does not improperly use the legal process simply by

16  filing suit with malicious intent or by carrying out the legal process to its authorized conclusion, albeit

17  with bad intentions." While the *Laxalt* decision does include a footnote that states "the mere filing of a

18  complaint with malicious intent" is insufficient to establish abuse of process, the opinion in no way

19  includes refers to, or stands for the proposition that "carrying out the legal process to its authorized

20  conclusion, albeit with bad intentions" cannot amount to abuse of process. Moreover, *Laxalt,* does not

21  use the words, or establish any requirement regarding a "sufficient improper act." In *Laxalt,* Court

22  simply followed the Nevada Supreme Court's decision in *Bull v. McCuskey*, 96 Nev. 706, 615 P.2d

23  957 (1980) and held that Defendant's mere filing of a counterclaim is not sufficient to establish the

24  tort of abuse of process.

25         Defendants refer to *Momot v. Mastro*, 2010 U.S. Dist. LEXIS 67156 (D. Nev. 2010); which

26  also wrongfully claims that *Laxalt* uses the phrase "or by carrying out the legal process to its

27  authorized conclusion, albeit with bad intentions." The *Momot* Court added that "in order to state an

28  abuse of process claim, the improper act must be 'so lacking in justification as to lose its legitimate

function as a reasonably justifiable litigation procedure.'" *Nienstedt v. Wetzel*, 133 Ariz. 348, 651 P.2d 876, 882 (Ariz. Ct. App. 1982). *Momot* is not a correct statement of Nevada law.

In *LaMantia v. Redisi*, 118 Nev. 27 (Nev. 2002) the Nevada Supreme Court held:

> the elements of an abuse of process claim are: "(1) an ulterior purpose by the defendants other than resolving a legal dispute, and (2) a willful act in the use of the legal process not proper in the regular conduct of the proceeding." Abuse of process can arise from both civil and criminal proceedings. Malice, want of probable cause, and termination in favor of the person initiating or instituting proceedings are not necessary elements for a prima facie abuse of process claim.[8]

By placing undue reliance on *Momot* and other cases Defendants wrongfully contend that Plaintiff has to do more than allege "a willful act in the use of the legal process not proper in the regular conduct of the proceeding." Thus, Defendants wrongfully contend that Plaintiffs "do not identify any collection activity other than obtaining the COJ;" and that Plaintiff's do not meet the high standard of "so lacking in justification as to lose its legitimate function as a reasonably justifiable litigation procedure." Per *LaMantia* Plaintiffs do not have to identify other collection activity or meet the "high standard of 'so lacking in justification as to lose its legitimate function as a reasonably justifiable litigation procedure.'" Plaintiffs only have to allege a willful act in the use of the legal process not proper in the regular conduct of the proceeding. Plaintiffs allegations about the "Interest Rate Violation"/"Unauthorized Fees Violations" satisfy *LaMania's* factors.

Once again, the analgous case of *McCollough v. Johnson, Rodenburg & Lauinger, LLC*, 637 F.3d 939 (9th Cir. 2011) demonstrates that Plaintiff has sufficiently plead their abuse of process claims. In *McCollough*, Plaintiff's claim included a state law claim for abuse of process. *Id*. The *McCollough* Court held that Plaintiff had produced sufficient evidence a willful act in the use of the legal process not proper in the regular conduct of the proceeding. The Court found that Defendant: (1) "willfully filed a lawsuit 'with an ulterior purpose of extracting money from the [Plaintiff]; (2) filed the suit to "to extract money from Plaintiff that it could not legally obtain in a collection action; (3)

---

[8] The Momot Court's statement that "the improper act must be 'so lacking in justification as to lose its legitimate function as a reasonably justifiable litigation procedure'" is plainly not consistent with the Nevada Supreme Court's statement that "Malice, want of probable cause, and termination in favor of the person initiating or instituting proceedings are not necessary elements for a prima facie abuse of process claim."

filed a baseless action with knowledge that it had no legal claim; (4) filed and pursued a time-barred lawsuit against Plaintiff even though Defendant's own electronic file indicated that the suit was time-barred; (5) continued to prosecute the collection case for four months after having been explicitly told by the creditor that there were no was not grounds for extending the statute of limitations; and (6) sought attorney's fees without confirming that [Plaintiff] had a contractual fee obligation. *Id.* The Court held that this evidence supported the jury finding that Defendant engaged in willful acts in the use of the legal process not proper in the regular conduct of the proceeding. *Id.*

Considering the facts and allegations in the light most favorable Plaintiffs, Plaintiff has sufficiently alleged "a willful act in the use of the legal process not proper in the regular conduct of the proceeding. Plaintiff has plainly set forth factual allegations that support their allegations regarding the "Interest Rate Violations" and the "Unauthorized Fees Violations." Plaintiff has alleged Defendants' acted willfully because they arranged for Plaintiff to sign Confessions of Judgment that provides for illegal rates of interest and provided the for the collection of unlawful fees. Moreover, as is set forth above, the Plaintiff's complaint and the judicial record demonstrate that Defendants have done more than simply file illegal Confessions of Judgments. Again, the Register of Actions for Case No. 16C001261, indicates the Pili COJ was filed on January 26, 2016. (See true copy of Register of Actions for Case No. 16C001261 attached to the Declaration of Vernon Nelson at Exhibit "1"), Defendant also filed a Motion to Amend the Judgment and a Satisfaction of Judgment on December 29, 2016. Thus, the Docket indicates Defendant continued to try to collect the Unlawful Interest and Unlawful Fee through December of 2016. Thus, Defendant did more than simply file a Complaint. Plaintiff submits she has demonstrated that Defendants have conducted a willful act in the use of the legal process not proper in the regular conduct of the proceeding as required by *LaMantia*.

**D. Plaintiff's 598 Claims Do Not Fail**

**1. *Plaintiff's 598 Claims Are Not Barred by Rooker-Feldman.***

Defendants contend that Plaintiff has not alleged deceptive conduct other than that set forth in their FDCPA and abuse of process claims. Defendant contends that Plaintiff's FDCPA claims and abuse of process claims are barred by *Rooker-Feldman*; and, therefore, so should their NRS 598 claim. Defendant cites *Robben v. Dicianno*, 2011 U.S. Dist. LEXIS 40331 (D. Nev. Mar. 30, 2011) in

1    support of this proposition. However, *Robben* does not address NRS Chapt. 598. Moreover, as is

2    stated above, Plaintiff's claims are not barred by *Rooker-Feldman*.

3             **2. *Plaintiff's 598 Claims Do Not Fail Because NRS 598 Can Apply to Debt Collections***

4             Plaintiff recognizes that many other Plaintiffs have has unsuccessfully sought to assert causes

5    of action under NRS Chapter 598 in addition to their FDCPA claims and Plaintiff has found not fault

6    with the cases cited in Defendants' argument. However, none of these cases are directly on point.

7    Moreover, Defendants fail to recognize the import of *Peatrowsky v. Persolve*, 2014 U.S. Dist. LEXIS

8    38320 (D. Nev. Mar. 24, 2014); where the Court held that the FDCPA may give rise to a claim under

9    Chapter 598 (although a violation of the FDCPA may provide a basis for a NDTPA claim, it does not

10   automatically do so; all other elements of the state claim—including the "in the course of . . .

11   business" requirement and the need that the actions" relat[e] to the sale or lease of goods or

12   services"—must still be satisfied). Considering the facts and allegations in the light most favorable

13   Plaintiffs, Plaintiff has alleged multiple violations under Chapt. 598 and *Peatrowsky* recognizes that a

14   violation of the FDCPA may provide a basis for a NDTPA claim. Thus, Defendants Motion to

15   Dismiss Plaintiff's 598 Claims must be denied.

16             **3. Plaintiff has Failed to Allege Sufficient Facts of Agreement for Conspiracy**

17             Defendants claim that Plaintiff has failed to allege sufficient facts of Agreement for

18   Conspiracy. However, Defendants fail to cite controlling Nevada law and fail to recognize that

19   Plaintiff is permitted to alleged alternate theories of liability. Defendants' wrongfully cite and

20   misrepresent controlling Nevada authority. For example, *Collins v. Union Federal Say. & Loan Ass'n*,

21   99 Nev. 284, 303 (1983) is an outdated authority. Moreover, the quotation "[U]nder Nevada law, an

22   agent cannot conspire with her principal where the agent acts in her official capacity on her principal's

23   behalf and not as an individual for her individual advantage;" which is attributed to *Flynn v. Liner*

24   *Grode Stein Yankelevitz Sunshine Regenstreif & Taylor LLP,* 2010 U.S. Dist. LEXIS 110458, 2010

25   WL 4121886, at \*9 (D. Nev. 2010) does not appear in *Flynn.*[9]

26   ─────────────────

27             [9] The only statement in Flynn is the Court's statement that "…, Plaintiff should be mindful of
     this Court's ruling on Defendants Klar's and Pham's motion to dismiss that an attorney cannot conspire

28   with his clients." Flynn v. Liner Grode Stein Yankelevitz Sunshine Regenstreif & Taylor LLP, 2010

In *Cadle Co. v. Woods & Erickson, LLP*, 345 P.3d 1049, 131 Nev. Adv. Rep. 15 (Nev. 2015), the Nevada Supreme stated that "civil conspiracy liability may attach where two or more persons undertake some concerted action with the intent to commit an unlawful objective, not necessarily a tort." *Cadle,* P3d. at 1052. This definition does not contain any limitation on the types of parties who may or may not conspire. At ¶ 25, Plaintiff's claim for Civil Conspiracy incorporates all the allegations made in paragraphs 1-24. Plaintiff then alleges that Defendants "undertook a concerted action with the intent to commit the" FDCPA violations. Plaintiffs also allege that the purpose of the Conspiracy was to damage Plaintiffs and Plaintiffs were actually damaged as a result of the Conspiracy. These allegations are sufficient under *Cadle, supra.*

Finally, Defendants' claim that Plaintiff's conspiracy claims lack an underlying tort. Yet, this argument is completely contrary to the Nevada Supreme Court's decision in *Cadle, supra.* where the Nevada Supreme Court expressly stated that conspiracy defendants must "undertake some concerted action with the intent to commit an unlawful objective, ***not necessarily a tort***" (emphasis added). Thus, Defendants' claim is without merit. Based on the foregoing, Plaintiff has sufficiently alleged a claim for Civil Conspiracy. Accordingly, Defendants' motion to dismiss this claim must be denied.

/ / /

/ / /

/ / /

/ / /

---

(cont.)
U.S. Dist. LEXIS 110458 at 32. This statement is purely dicta and is not supported by any authority.
    Nevertheless, even if the purported quote from Flynn were accurate, Plaintiff's complaint alleges alternative theories regarding Defendants. Contrary to Defenants' argument, Plaintiff has alternatively alleged that Fried acted for his individual advantage and/or solely as an agent of Aargon. For example, in paragraphs 8 and 9, Plaintiff alleges that Aargon and/or Fried violated the FDCPA. Plaintiff has been forced to use the term "and/or" in its allegations because Defendants have not been forthcoming with respect to the relationship between Defendants. See Declaration of Vernon Nelson at VN. For example, Plaintiff has made numerous demands that Defendants amend their Initial Disclosures to state whether Fried is covered by Aargon's insurance. Id. Although this information should have been provided in Defendants Initial Disclosures, Defendant has consistently failed to provide this information. Id. Plaintiff's intend to file a Motion to Compel and for Sanction by the end of this week if this information is not immediately provided.

1    **V.    CONCLUSION**

2          For all the foregoing reasons, Defendants' motion to dismiss must be denied.

3
          DATED this 3rd day of April, 2017          THE LAW OFFICE OF VERNON NELSON
4
                                          By:      _/s/ Vernon Nelson_
5                                                VERNON NELSON, ESQ.
                                                 Nevada Bar No.: 6434
6                                                9480 S. Eastern Avenue, Suite 244
                                                 Las Vegas, NV   89123
7                                                Tel:  702-476-2500
                                                 Fax:  702-476-2788
8                                                E-Mail:  vnelson@nelsonlawfirmlv.com
                                                 _Attorney for Plaintiff_
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28