**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

EUGENE GOLDSMITH, *et al.*,

        Plaintiffs,

vs.

AARGON AGENCY, INC., *et al.*,

        Defendants.

Case No.: 2:16-cv-02066-GMN-NJK

**ORDER**

Pending before the Court are nine Motions to Dismiss, (ECF Nos. 48, 52, 56, 60, 64, 81, 82, 83, 84), filed by Defendants Aargon Agency, Inc. ("Aargon") and Defendant Armand Fried ("Fried") (collectively "Defendants"). Plaintiffs Cristal Landeros ("Landeros"), Christopher and Leslie Hegner ("the Hegners"), Michael Smith ("Smith"), Daniel Chatman ("Chatman"),[1] Mataese Pili ("Pili"), Michelle Mercado ("Mercado"), Kinika Jackson ("Jackson"), Corina Phillips ("Phillips"), and Dana Serrata ("Serrata") (collectively "Plaintiffs") filed Responses, (ECF Nos. 49, 53, 57, 61, 65, 88, 86, 85, 87), and Defendants filed Replies, (ECF Nos. 51, 55, 59, 63, 67, 90, 92, 89, 91).

For the reasons discussed herein, Defendants' Motions to Dismiss as to Landeros, the Hegners, Pili, Mercado, Jackson, Phillips, and Serrata, (ECF Nos. 48, 52, 64, 81, 82, 83, 84), are **GRANTED**. Defendants' Motion to Dismiss as to Smith, (ECF No. 56), is **GRANTED in part** and **DENIED in part**.

---

[1] Also pending before the Court is Chatman's Motion for Leave to File a First Amended Complaint, (ECF No. 103). Defendants filed a Response, (ECF No. 104), and Chatman filed a Reply, (ECF No. 105). For good cause appearing, the Court **GRANTS** Chatman's Motion. Because of this, the Court **DENIES as moot** Defendant's Motion to Dismiss, (ECF No. 60).

## I. BACKGROUND

This consolidated action arises from Defendants' alleged violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et. seq.* ("FDCPA"). Specifically, Plaintiffs allege FDCPA violations based upon Defendants' entering confessions of judgment ("COJ") against them in state court ("COJ Violations"). In addition to the COJ Violations, Smith further alleges FDCPA violations concerning writs of execution ("Writ of Execution Violations") arising from a default judgment entered against him. The Court will discuss the COJ Violations and Writ of Execution Violations in turn.

### A. COJ Violations

In their Complaints, Plaintiffs allege that Aargon and Fried, who are debt collectors under the FDCPA, induced them to sign Installment Payment Agreements ("IPAs"), secured by COJs, which Defendants subsequently filed in state court. *See Landeros v. Aargon Agency, Inc.*, No. 2-17-cv-00521-GMN-NJK (Landeros Compl. 2:13–16, ECF No. 1).[2] Defendants obtained the IPAs and COJs on behalf of various third-party creditors to collect debts allegedly owed by Plaintiffs. (*Id.*). According to Plaintiffs, the COJs unlawfully provide for amounts due beyond those owed to the third-party creditors. (*Id.* 2:17–23). Specifically, the COJs provide for an interest rate of 9.25% (the "Interest Rate Violation"), and a document preparation fee of $75.00 (the "Unauthorized Fees Violations"). (*Id.* 2:20–23). Landeros, the Hegners, Pili, and Smith further allege that the COJs unlawfully provide for court costs in the amount of $74.00. (*Id.* 2:20–21).

Plaintiffs signed their respective IPAs, and Defendants subsequently filed the COJs in state court on the following dates: Serrata signed the IPA on August 15, 2014, and Defendants

---

[2] The Complaints, Motions to Dismiss, Responses, and Replies in this action are substantially similar. For ease of presentation, the Court will cite to the filings associated with the *Landeros* action, because it is the first-filed case, and the allegations, as well as the relevant arguments concerning Defendants' Motions to Dismiss, do not materially differ with the later-filed cases. Where there are differences in the relevant allegations or filings, the Court will cite to the specific cases.

filed the COJ on October 17, 2014, (*see* Ex. 1 to MTD, ECF No. 84); Pili signed the IPA on August 22, 2014, and Defendants filed the COJ on January 26, 2016, (*see* Ex. 1 to MTD, ECF No. 64); the Hegners signed their IPAs on August 29, 2014, and Defendants filed the COJs in December 2015, which were subsequently docketed on December 7, 2015, (*see* Exs. 1– 2 to MTD, ECF No. 52); Jackson signed the IPA on September 15, 2014, and Defendants filed the COJ on November 7, 2014, (*see* Ex. 1 to MTD, ECF No. 82); Mercado signed the IPA on September 18, 2014, and Defendants filed the COJ on August 3, 2015, (*see* Ex. 1 to MTD, ECF No. 81); Phillips signed the IPA on December 17, 2014, and Defendants filed the COJ on August 5, 2015, (*see* Ex. 1 to MTD, ECF No. 83); Landeros signed the IPA on December 31, 2014, and Defendants filed the COJ on December 4, 2015, (*see* Ex. 1 to MTD, ECF No. 48); Smith signed the IPA on February 12, 2015, and Defendants filed the COJ on August 7, 2015, (*see* Ex. 1 to MTD, ECF No. 56).

### B. Default Judgment and Writ of Execution Violations

In addition, Smith further alleges that Defendants obtained a default judgment against him on July 24, 2013, concerning an alleged debt owed to a third-party creditor unrelated to the COJ. *See Smith v. Aargon Agency, Inc.*, No. 2:17-cv-00552-GMN-NJK (Smith Compl. 2:13–16, ECF No. 1). With respect to the default judgment, Smith alleges Defendants subsequently obtained five writs of execution to enforce the judgment on October 12, 2013; March 11, 2014; January 20, 2015; February 8, 2016; and November 11, 2016. (Smith Compl. 2:20–4:24). According to Smith, the writs of execution "grossly exceed[] the amounts awarded to the Defendants and [are] not provided for in the Default Judgment." (*Id.* 4:27–5:2).

### C. The Consolidated Action

In February 2017, Landeros, the Hegners, Smith, and Pili filed their Complaints. (*See* Landeros Compl.); *Hegner v. Aargon Agency, Inc.*, No. 2:17-cv-00525-GMN-NJK (Hegner Compl., ECF No. 1); (Smith Compl.); *Pili v. Aargon Agency, Inc.*, No. 2:17-cv-00576-GMN-

NJK (Pili Compl., ECF No. 1). On May 4, 2017, the Court consolidated these actions under the lead case number 2:16-cv-2066-GMN-NJK (the "Consolidated Action"). (*See* Order Consolidating Cases, ECF No. 47).

On May 5, 2017, Mercado, Jackson, Phillips, and Serrata filed their Complaints. *See Mercado v. Aargon Agency, Inc.*, No. 2:17-cv-01267-GMN-NJK (Mercado Compl., ECF No. 1); *Jackson v. Aargon Agency, Inc.*, No. 2:17-cv-01268-GMN-NJK (Jackson Compl., ECF No. 1); *Phillips v. Aargon Agency, Inc.*, No. 2:17-cv-01269-GMN-NJK (Phillips Compl., ECF No. 1); *Serrata v. Aargon Agency, Inc.*, No. 2:17-cv-01271-GMN-NJK (Serrata Compl., ECF No. 1). On June 21, 2017, the Court issued an omnibus order transferring these cases to the Consolidated Action. (*See* Omnibus Order, ECF No. 80).

Defendants filed the instant Motions to Dismiss in March and May of 2017. (*See* ECF Nos. 48, 52, 56, 64, 81, 82, 83, 84).

## II. LEGAL STANDARD

Dismissal is appropriate under Rule 12(b)(6) where a pleader fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A pleading must give fair notice of a legally cognizable claim and the grounds on which it rests, and although a court must take all factual allegations as true, legal conclusions couched as a factual allegations are insufficient. *Twombly*, 550 U.S. at 555. Accordingly, Rule 12(b)(6) requires "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* This standard "asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*

"Generally, a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion." *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1990). "However, material which is properly submitted as part of the complaint may be considered." *Id.* Similarly, "documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered in ruling on a Rule 12(b)(6) motion to dismiss" without converting the motion to dismiss into a motion for summary judgment. *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994). On a motion to dismiss, a court may also take judicial notice of "matters of public record." *Mack v. S. Bay Beer Distrib.*, 798 F.2d 1279, 1282 (9th Cir. 1986). Otherwise, if a court considers materials outside of the pleadings, the motion to dismiss is converted into a motion for summary judgment. Fed. R. Civ. P. 12(d).

If the court grants a motion to dismiss for failure to state a claim, leave to amend should be granted unless it is clear that the deficiencies of the complaint cannot be cured by amendment. *DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992). Pursuant to Rule 15(a), the court should "freely" give leave to amend "when justice so requires," and in the absence of a reason such as "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc." *Foman v. Davis*, 371 U.S. 178, 182 (1962).

## III. DISCUSSION

In each of Plaintiffs' Complaints, Plaintiffs allege the following causes of action: (1) violations of the FDCPA; (2) abuse of process; and (3) violations of the Nevada Deceptive Trade Practices Act, Nevada Revised Statutes ("NRS") § 598 ("NDTPA"). (Landeros Compl. 3:24–5:21). Landeros, the Hegners, and Smith also assert a claim for civil conspiracy. (*Id.* 5:24–6:1). The Court will address each claim in turn.

**A. FDCPA**

Defendants present two arguments as to why the Court should dismiss Plaintiffs' FDCPA claims: (1) Plaintiffs' FDCPA claims are barred by the statute of limitations; and (2) Plaintiffs' FDCPA claims are barred by the *Rooker–Feldman* doctrine.[3] Because *Rooker–Feldman* would preclude the Court from exercising jurisdiction over this case, the Court will first address *Rooker-Feldman* and then turn to the statute of limitations argument.

### 1. *Rooker–Feldman*

Defendants assert that the Court is without jurisdiction because Plaintiffs' claims are barred by the *Rooker–Feldman* doctrine. (Mot. to Dismiss ("MTD") 6:1–7:9, ECF No. 48). The *Rooker–Feldman* doctrine "prohibits a federal district court from exercising subject matter jurisdiction over a suit that is a *de facto* appeal from a state court judgment." *Kourgasian v. TMSL, Inc.*, 359 F.3d 1136, 1139 (9th Cir. 2004). It is "confined to cases . . . brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005). However, if a "federal plaintiff asserts as a legal wrong an allegedly illegal act or omission by an adverse party, *Rooker–Feldman* does not bar jurisdiction." *Bell v. City of Boise*, 709 F.3d 890, 897 (9th Cir. 2013) (citing *Noel v. Hall*, 341 F.3d 1148, 1164 (9th Cir. 2003)). The doctrine "applies only when the federal plaintiff both asserts as her injury legal error or errors by the state court *and* seeks as her remedy relief from the state court judgment." *Kourgasian*, 359 F.3d at 1140 (emphasis in original).

While these cases concern the same debts as those in the relevant state court actions, Plaintiffs' Complaints do not assert state court legal errors, nor do they seek review of the state

---

[3] Defendants further argue that the COJ Violations are barred by either claim or issue preclusion. (*See, e.g.*, Landeros Compl. 4:24–5:5); (Smith Compl. 6:1–9). The Court need not address this argument because, as discussed *infra*, the claims arising from the COJ Violations are time-barred.

court judgments. Rather, Plaintiffs' Complaints claim misrepresentations concerning the additional charges and fees Defendants allegedly assessed. Further, the Court agrees with other courts in this District who hold that the *Rooker–Feldman* doctrine does not apply to cases founded on similar facts without contesting the state court judgment. *See, e.g.*, *Cutts v. Richland Holdings, Inc.*, No. 2:17-cv-1525-JCM-PAL, 2018 WL 1073135, at * 2 (D. Nev. Feb. 27, 2018) (declining to apply *Rooker–Feldman* where the plaintiff's claims "embrace[d] the legality of additional charges that defendants assessed to the plaintiff"); *see also Means v. Intelligent Bus. Sols., Ltd.*, No. 3:15-cv-00106-RCJ-VPC, 2015 WL 1470757, at *2 (D. Nev. Mar. 31, 2015) ("Nothing about the state court judgment precludes Plaintiff from asserting a FDCPA claim based on Defendant's attempt to collect $2501.13 in collection costs, whether via a demand letter or via the state court action."). Accordingly, the Court finds that *Rooker–Feldman* does not bar Plaintiffs' suits.

### *2. Statute of Limitations*

Defendants assert that Plaintiffs' FDCPA claims are time-barred. (MTD 4:10–21, ECF No. 48). "A claim under the FDCPA must be brought 'within one year from the date on which the violation occurs.'" *Lyons v. Michael & Assocs.*, 824 F.3d 1169, 1171 (9th Cir. 2016) (quoting 15 U.S.C. § 1692k(d)). In *Naas*, the Ninth Circuit held that where "the alleged violation of the [FDCPA] is the filing of a lawsuit," the "statute of limitations beg[ins] to run on the filing of the complaint in the Municipal Court." *Naas v. Stolman*, 130 F.3d 892, 893 (9th Cir. 1997).

Since *Naas*, the Ninth Circuit has categorically applied the discovery rule to FDCPA violations. *See Lyons*, 824 F.3d at 1171 (holding that the discovery rule applies to all FDCPA violations). Under the discovery rule, the limitations period "begins to run when the plaintiff knows or has reason to know of the injury which is the basis of the action." *Mangum v. Action Collection Serv., Inc.*, 575 F.3d 935, 940 (9th Cir. 2009); *Lyons*, 824 F.3d at 1171. In *Lyons*,

the Ninth Circuit reconciled its previous holding in *Naas* by noting that the "statute of limitations *could* begin on the filing date where the alleged FDCPA violation is a collection lawsuit . . . but [the discovery rule] allows plaintiffs to demonstrate that it does not." 824 F.3d at 1173 (emphasis in original). "If an FDCPA claim is time-barred on the face of the complaint, the Plaintiff has the burden to show that he or she is entitled to the benefit of the discovery rule." *Laforge v. Richland Holdings, Inc.*, No. 2:17-cv-00782-APG-VCF, 2018 WL 525298, at *4 (D. Nev. Jan. 23, 2018).

Here, Plaintiffs signed their respective IPAs, secured by the COJs, between August 15, 2014, and February 12, 2015, and Defendants filed the COJs in state court between October 17, 2014, and January 26, 2016. Plaintiffs filed their Complaints between February 22, 2017, and May 5, 2017—more than a year after the IPAs were signed and the COJs were filed.

While Plaintiffs assert that their claims are timely pursuant to the discovery rule, (*see, e.g.*, Landeros Resp. 4:10–11, ECF No. 49), Plaintiffs neither allege, nor argue, when they knew or had reason to know of the COJ Violations. Defendants fill this void by arguing that, because the IPAs contain all of the terms Plaintiffs claim violate the FDCPA—including the Interest Rate Violation and the Unauthorized Fees Violations—Plaintiffs were on notice of the COJ Violations prior to them being filed in state court. (Reply 1:24–25, ECF No. 51). Therefore, according to Defendants, either the "presentment of the COJ[s] to [Plaintiffs] started the statute of limitations, or [the] subsequent filing[s] . . . started the statute of limitations." (*Id.* 2:24–28). The Court agrees with Defendants. In the absence of any facts identifying when Plaintiffs knew or had reason to know of the COJ Violations, the Court concludes that the statute of limitations started to run, at the very latest, upon the filing of the COJs.

Plaintiffs respond that the COJ Violations constitute a continuing violation because Defendants "continued [to] collect unlawful interest and fees in violation of the FDCPA until they filed a Satisfaction of Judgment [within the limitations period]." (Landeros Resp., 6:20–

23).[4] Some courts within this Circuit, beginning with *Joseph*, have recognized that the "continuing violation" doctrine may apply to FDCPA claims under appropriate circumstances. *See Joseph v. J.J. Mac Intyre Cos., L.L.C.*, 281 F. Supp. 2d 1156, 1160 (N.D. Cal. Sept. 12, 2003). In *Joseph*, the court described the doctrine as follows:

> The key is whether the conduct complained of constitutes a continuing pattern and course of conduct as opposed to unrelated discrete acts. If there is a pattern, then the suit is timely if the action is filed within one year of the most recent date on which the defendant is alleged to have violated the FDCPA, and the entire course of conduct is at issue.

*Joseph*, 281 F. Supp. 2d at 1161. In *Joseph*, the plaintiff alleged that the defendant debt-collection agency violated the FDCPA by placing "over 200 [phone] calls to Plaintiff's residence during a nineteen-month period," with approximately seventy-five of those calls made within the limitations period. *Id.* at 1161–62. The court analogized the facts before it to the continuing violation doctrine in hostile work environment cases, in which the alleged harassment "cannot be said to occur on any particular day." *Id.* at 1160 (quoting *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 115 (2002)).

Here, Plaintiffs fail to plead facts to support their argument that the COJ Violations trigger the continuing violation doctrine. Plaintiffs' Complaints assert only conclusory allegations concerning Defendants' repeated conduct. Specifically, Plaintiffs plead that "[w]ithin the past year, [Defendants], who are debt collectors under the FDCPA committed several violations of the FDCPA." (Landeros Compl. 4:1–2).[5] Plaintiffs further plead that Defendants' "Unauthorized Fees Violations and the Interest Rate Violation, and the other

---

[4] (*See also* Hegner Resp. 7:22–25); (Pili Resp. 6:18–23); (Phillips Resp. 6:20–23); (Smith Resp. 10:21–25); (Serrata Resp. 6:20–25). In Jackson and Mercado's Responses, they assert that a Satisfaction of Judgment has yet to be filed. (Jackson Resp. 6:27–7:1); (Mercado Resp. 6:27–7:1).

[5] (*See also* Hegner Compl. 4:7–8); (Pili Compl. 4:1–2); (Mercado Compl. 3:23–24); (Jackson Compl. 3:24–25); (Phillips Compl. 3:23–24); (Serrata Compl. 3:23–24).

numerous violations of the FDCPA, constitute numerous, repeated" conduct. (*Id.* 4:17–20).[6] Plaintiffs, however, fail to identify the other numerous violations or repeated conduct that could conceivably constitute a continuing violation. *See Camacho v. Nat'l Credit Adjustment Agency*, No. 06-cv-5040-FVS, 2007 WL 760416, at *2 (E.D. Wash. Mar. 8, 2007) (distinguishing *Joseph* and noting that the continuing violation doctrine is "applicable only in cases in which the defendant engaged in a large number of similar acts.").

Further, while Plaintiffs argue that the respective Satisfactions of Judgment commenced the statute of limitations, Plaintiffs' Complaints do not mention the Satisfactions of Judgment, nor do they allege any debt-collection activity after the filing of their respective COJs. (*See, e.g.*, Landeros Compl.). Therefore, based on the limited facts in Plaintiffs' Complaints, the Court cannot infer a continuing violation. *See, e.g.*, *Phillips v. Archstone Simi Valley LLC*, No. 15-cv-5559-DMG-PLA, 2016 WL 7444550, at *3 (C.D. Cal. Dec. 15, 2016) (declining to apply the continuing violation doctrine where the complaint failed to "sufficiently allege that [the defendant] engaged in a repeated pattern of behavior akin to that described in *Joseph v. J.J. Mac Intyre Companies L.L.C.*."); *see also Azam v. Wells Fargo Bank, N.A.*, 677 Fed. App'x 326, 327 (9th Cir. 2017) ("Assuming . . . that the continuing violations doctrine would apply to [plaintiff's] claims, he offers only conclusory allegations that his claims are the result of any violations that purportedly continued . . . .").

Moreover, even if the Court were to consider the Satisfactions of Judgment, this would not necessarily trigger the continuing violation doctrine. "[T]he Ninth Circuit has disapproved of applying the [continuing violation doctrine] to situations where the continuing wrong is only the 'ill effects from an original violation.'" *Finley v. Dynamic Recovery Sols., LLC*, No. 14-cv-04028-THE, 2015 WL 5728307, at *3 (N.D. Cal. Sept. 30, 2015) (quoting *Ward v. Caulk*, 650

---

[6] (*See also* Hegner Compl. 4:13–26); (Pili Compl. 4:17–20); (Mercado Compl. 4:8–12); (Jackson Compl. 4:9–12); (Phillips Compl. 4:4–7); (Serrata Compl. 4:7–10).

F.2d 1144, 1146–47 (9th Cir. 1981)); *see also Garcia v. Brockway*, 526 F.3d 456, 462–63 (9th Cir. 2008). Therefore, Plaintiffs cannot rely on the continuing violation doctrine to establish the timeliness of their claims arising from the COJ Violations.

Accordingly, to the extent Plaintiffs fail to allege any FDCPA violations subsequent to the filing of the respective COJs, the Court concludes that those claims are time-barred. Because Landeros, the Hegners, Pili, Mercado, Jackson, Phillips, and Serrata do not plead any distinct conduct subsequent to their COJ Violations, their FDCPA claims are time-barred. The Court therefore, grants Defendants' Motions to Dismiss their claims without prejudice. The Court will permit Landeros, the Hegners, Pili, Mercado, Jackson, Phillips, and Serrata to file an amended complaint to establish the timeliness of their FDCPA violations.[7]

Smith, however, has pled an FDCPA violation that postdates his alleged COJ Violation. (Smith Compl. 4:25–26). As noted *supra*, Smith alleges that Defendants obtained five writs of execution against him between October 12, 2013, and November 11, 2016. (*Id.* 2:20–4:24). The most recent writ of execution allegedly "includ[ed] additional sums not awarded to Defendants in the Default Judgment." (*Id.* 4:25–26). Because Smith filed his Complaint on February 23, 2017, and this alleged violation occurred within a year of that, Smith's FDCPA claim based upon this writ of execution is timely.[8]

Defendants acknowledge that the fifth writ of execution was within the limitations period but nonetheless assert that the claim is time-barred because it arises from the state court default judgment on July 24, 2013. (Reply 3:10–25, ECF No. 59). However, Smith explicitly alleges that Defendants sought to recover *additional sums* not provided for in the default

---

[7] The Court declines to exercise supplemental jurisdiction over these Plaintiffs' state law claims. *See* 28 U.S.C. § 1367(c)(3) (stating that a Court may decline to exercise supplemental jurisdiction over claims arising under state law if it "has dismissed all claims over which it has original jurisdiction.").

[8] While Smith may not recover from the time-barred alleged FDCPA violations, such as the other four Writ of Execution Violations, these violations may nonetheless constitute relevant "background evidence in support of [his] timely claim." *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. at 113; *see Joseph*, 281 F. Supp. 2d at 1162.

judgment with respect to the fifth writ of execution. (*Id.* 4:25–26). Therefore, the Court finds that Smith's Complaint alleges a timely FDCPA violation that is distinct from the default judgment. Accordingly, the Court denies Defendants' Motion to Dismiss as to Smith's FDCPA claim.

### B. Abuse of Process

An abuse of process claim requires that a plaintiff establish two elements: (1) the defendant had an ulterior purpose in the underlying lawsuit other than resolving a legal dispute; and (2) the defendant willfully and improperly used the legal process to accomplish that purpose. *LaMantia v. Redisi*, 38 P.3d 877, 879 (Nev. 2002). An ulterior purpose is any improper motive underlying the issuance of legal process. *Posadas v. City of Reno*, 851 P.2d 438, 457 (Nev. 1993). The mere filing of a complaint is insufficient to establish the tort of abuse of process. *Laxalt v. McClathy*, 622 F. Supp. 737, 752 (D. Nev. 1985).

Defendants argue that Smith fails to state a claim for abuse of process because Smith does not allege an ulterior purpose and otherwise fails to sufficiently allege an improper act. (MTD 7:10–8:8, ECF No. 56).[9] Smith claims that Defendants initiated "legal proceedings against [him] for the ulterior purpose of collecting unlawful rates of interest and unlawful fees in violation of the FDCPA." (Smith Compl. 7:23–25). Smith further alleges that Defendants subsequently sought to collect the unlawful rates of interest, and unlawful fees through the COJ, and Defendants did so willfully. (*Id.* 7:26–28).

Defendants argue that Smith fails to "identify any collection activity other than obtaining the COJ." (MTD 8:4–5). Contrary to this assertion, Smith alleges unlawful conduct emanating from both the filing of the COJ and the default judgment. As to the latter, Smith alleges that Defendants obtained five writs of execution that provided for sums not awarded to

---

[9] The Court will cite to the relevant filings in the *Smith* action because Smith is the only plaintiff with timely FDCPA claims.

Defendants in the default judgment. (Smith Compl. 2:13–5:2). Taking Smith's allegations as true, the Court finds that Smith has sufficiently pleaded a claim for abuse of process. Therefore, Defendant's Motion to Dismiss Smith's claim for abuse of process is denied.

**C. NRS § 598**

Defendants argues that Smith fails to state a claim under the Nevada Deceptive Trade Practices Act ("NDTPA") because NRS § 598 does not apply to debt collection. (MTD 8:15–9:3, ECF No. 57). The Court agrees. Courts in this District hold that the NDTPA does not apply to debt collection. *Gage v. Cox Commc'ns, Inc.*, No. 2:16-cv-02708-KJD-GWF, 2017 WL 1536219 (D. Nev. Apr. 27, 2017); *Peatrowsky v. Persolve*, No. 2:12-cv-00935-JAD-VCF, 2014 WL 1215061 (D. Nev. Mar. 24, 2014). In *Gage*, Judge Dawson held that "the entirety of Section § 598 only applies to transactions involving goods and services." *Gage*, 2017 WL 1536219, at *2. Judge Dawson reasoned that "N.R.S. § 80.015(1)(h) states that the act of 'securing or collecting debts' does not constitute doing business in Nevada and is therefore not applicable to the NDTPA." *Id.*; *see also Peatrowsky*, 2014 WL 1215061, at *5. ("[A]s 'securing or collecting debts' does not constitute doing business in Nevada, [Defendant's] actions were not 'in the course of . . . business' as required by the NDTPA."). Accordingly, the Court grants Defendants' Motion to Dismiss Smith's claims under the NDTPA with prejudice.

**D. Civil Conspiracy**

"An actionable civil conspiracy is a combination of two or more persons who, by some concerted action, intend to accomplish some unlawful objective for the purpose of harming another which results in damage." *Collins v. Union Fed. Sav. & Loan Ass'n*, 662 P.2d 610, 622 (Nev. 1983). In Nevada, "an agent cannot conspire with her principal where the agent acts in her official capacity on her principal's behalf and not as an individual for her individual advantage." *Flynn v. Liner Grode Stein Yankelevitz Sunshine Regenstreif & Taylor LLP*, No. 3:09-cv-00422-PMP-RAM, 2010 WL 4121886, at *9 (D. Nev. Oct. 15, 2010) (citing *Collins*,

662 P.2d at 622); *see also Nevada W. Petroleum, LLC v. BP W. Coast Prods., LLC*, No. 2:15-cv-01684-APG-PAL, 2017 WL 4172269, at * 5 (D. Nev. Sept. 20, 2017).

Defendants argue that Smith fails to adequately allege facts to establish a conspiracy claim. (MTD 10:12–11:12). Specifically, Defendants assert that Smith's claim fails because there is no allegation that Defendants acted in their individual capacities for their own benefit. (*Id.* 9:16–10:11).

The Court finds that Smith fails to allege that Fried acted in his individual capacity for personal advantage. Indeed, Smith specifically pleads that the actions of the Defendants "were committed in their capacity as agents of their principal." (Smith Compl. 6:10–11). Smith further pleads that Defendants' conduct was "motivated to benefit their principal[,]" and Defendants are therefore "liable to Plaintiff through the doctrine of Respondeat Superior." (*Id.* 6:11–13). Smith argues that his allegations using the disjunctive phrase "and/or" are sufficient to establish that Fried was acting in his individual capacity. (Smith Resp. 22:7 n.11); (*see, e.g.*, Smith Compl. 3:21–22) ("Aargon *and/or* Fried violated the FDCPA by . . . .") (emphasis added). This, however, is insufficient to permit an inference that Fried acted in his individual capacity for his personal benefit. Accordingly, the Court grants Defendants' Motion to Dismiss Smith's civil conspiracy claim without prejudice.

### E. Leave to Amend

Rule 15(a)(2) of the Federal Rules of Civil Procedure permits courts to "freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). The Ninth Circuit "ha[s] held that in dismissing for failure to state a claim under Rule 12(b)(6), 'a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts.'" *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (quoting *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995)).

The Court finds that Plaintiffs may be able to plead additional facts to support the timeliness of their FDCPA claims. Accordingly, the Court will grant Plaintiffs leave to file amended complaints. Plaintiffs shall file their amended complaints within twenty-one days of the date of this Order only if Plaintiffs can allege sufficient facts that plausibly establish FDCPA violations within the one-year limitations period.

Although part of Smith's FDCPA claim survives, Smith may file an amended complaint to attempt to cure the timeliness of his dismissed FDCPA violations in addition to his civil conspiracy claim.

## IV. CONCLUSION

**IT IS HEREBY ORDERED** that Defendants' Motions to Dismiss, (ECF Nos. 48, 52, 64, 81, 82, 83, 84), as to Landeros, the Hegners, Pili, Mercado, Jackson, Phillips, and Serrata are **GRANTED**. Plaintiffs' FDCPA claims, as well as their related state law claims, are hereby dismissed without prejudice, with leave to amend in accordance with this Order.

**IT IS FURTHER ORDERED** that Defendants' Motion to Dismiss, (ECF No. 56), as to Smith is **GRANTED in part** and **DENIED in part**. Smith's claim under the NDPTA is dismissed with prejudice, and Smith's claim for civil conspiracy is dismissed without prejudice with leave to amend. Smith's FDCPA claim regarding the COJ Violations and the four untimely Writ of Execution Violations is dismissed without prejudice, and Smith's timely FDCPA claim concerning the fifth writ of execution and claim for abuse of process survive.

**IT IS FURTHER ORDERED** that Defendants' Motion to Dismiss, (ECF No. 60), as to Chatman is **DENIED as moot**.

**IT IS FURTHER ORDERED** that Chatman's Motion for Leave to File an Amended Complaint, (ECF No. 103), is **GRANTED** consistent with the foregoing.

**IT IS FURTHER ORDERED** that Landeros, the Hegners, Chatman, Pili, Mercado, Jackson, Phillips, Serrata, and Smith shall file their amended complaints within twenty-one (21)

days of this Order.  With respect to Landeros, the Hegners, Chatman, Pili, Mercado, Jackson, Phillips, Serrata, failure to file an amended complaint by this time shall result in the Court dismissing their claims with prejudice and closing the case.

**DATED** this __30__ day of March, 2018.

_____
Gloria M. Navarro, Chief Judge
United States District Court